■ In the Matter of PATRICIA A. ORENDER et al., Appellants, v CITY OF NEW YORK, Respondent. [612 NYS2d 944] —In a proceeding in which the petitioners seek leave to serve a late notice of claim pursuant to General Municipal Law § 50-e, the petitioners appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated January 7, 1992, which denied the application.

Ordered that the order is affirmed, with costs.

Contrary to the petitioners' contention, the Supreme Court did not improvidently exercise its discretion in denying the petitioners' application for leave to serve a late notice of claim (see, General Municipal Law § 50-e [5]). A period of approximately nine months elapsed after the accident before the petitioners retained counsel and sought leave to serve a late notice of claim in connection with an alleged slip and fall accident. The petitioners failed to offer any explanation whatsoever for this delay. Based on the petitioners' failure to provide any excuse for their inaction, and considering the

length of the delay, together with the transitory nature of the alleged defect, we find that the Supreme Court did not improvidently exercise its discretion in denying the application *(see, Matter of Dube v City of New York,* 158 AD2d 457; *Pantelup v City of New York,* 176 AD2d 932). Sullivan, J. P., O'Brien, Goldstein and Florio, JJ., concur.